# Angelina Hart et al., Plffs. in Err., *v.* John McGrew, Admr. of James McGrew, Deceased.

Where, in an action by a husband to recover his curtesy in his deceased wife's estate, the defense set up is wilful desertion of the wife by the

NOTE.—For the effect of desertion on the husband's right to an estate by curtesy, see note to Logan v. Quigley, *ante,* 377.

See also editorial note to Todd v. Oviatt, 7 L. R. A. 695, presenting the authorities relating to the forfeiture of the estate by the husband's wrongful acts. As to questions relating to estate by curtesy in general, see the following editorial notes presenting the authorities on their respective phases of the subject: Husband's initiate right of, note to Alexander v. Alexander, 1 L. R. A. 125; estate in general; effect of statute; seisin during coverture; entry on land; vested remainder or life estate; forofeiture of, liability for husband's debts; disposal of estate by wife,—note to Todd v. Oviatt, 7 L. R. A. 693; rights of husband, to what estate attaches; seisin of wife; when becomes initiate,—note to Goff v. Anderson, 11 L. R. A. 825; right of tenant by the curtesy in partnership real estate, note to Woodward-Holmes Co. v. Nudd, 27 L. R. A. 340; duty of tenant by, to pay taxes, note to Defreese v. Lake, 32 L. R. A. 748; power of legislature to destroy, note to McNeer v. McNeer, 19 L. R. A. 256; levy on estate by, note to Young v. Young, 23 L. R. A. 642.

husband, declarations of the wife are admissible to disprove the alleged wilful and malicious character of the separation on the part of the hus-band.

Where an action of ejectment has been brought by a husband to recover ·his curtesy in his deceased wife's estate, and he dies before the trial of the cause, his administrator may be substituted plaintiff of record and recover mesne profits to the death of the husband.

(Argued October 27, 1887.   Decided November 7, 1887.)

October Term, 1887, No. 85, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas No. 1 of Allegheny County to review a judgment in favor of the plaintiff in an action of ejectment.   Affirmed.

This action was originally brought by James McGrew to recover his curtesy in the estate of his deceased wife.   He died before the last trial of the case and his administrator was substituted in his stead.

James McGrew and his wife Elizabeth lived in 1875 in a house belonging to the wife in West Newton, Pa.   In that year James McGrew went to live with his son on a farm in the neighborhood owned by McGrew, while his wife remained in West Newton where she died in the same year.   The defendants claimed that McGrew had wilfully deserted his wife and had forfeited his right to curtesy in her estate.

At the trial the plaintiff offered in evidence his abstract of title which was admitted under objection.   (Second assignment of error.)

He also offered in evidence a notice of claim for mesne profits up to the date of the death of James McGrew on January 15, 1887.   This was objected to as incompetent and irrelevant. Objection overruled and evidence admitted.   (Third assignment of error.)

J. S. Hollingshead was offered by plaintiff and asked the following question:

*Q.* Do you know the rental value of this house?

Objected to, on the ground that plaintiff has not laid the basis for the right to recover mesne profits; and defendants object to any evidence whatever upon the question of mesne profits, on the ground that it is incompetent and irrelevant.   Objections overruled.

*A.* I paid $180 a year, $15 a month. (Fourth assignment of error.)

Mrs. Angelina Hart, one of the defendants, was offered as a witness by the defendants. She was objected to as incompetent. Objection sustained. (Fifth assignment of error.)

J. W. Patterson, a witness for plaintiff, was asked the following questions:

*Q.* State whether or not you had any conversation with Mr. McGrew after the separation.

*A.* Not with Mr. McGrew; with Mrs. McGrew I had some conversation.

*Q.* Where?

*A.* In McKeesport.

*Q.* State whether or not she said anything to you in regard to their separation.

Counsel for defendants object to this testimony as incompetent to show the declarations of Mrs. McGrew. Objection overruled.

*A.* Well, she told me she had taken him out home to a daughter's and son's, and that they were perfectly able to keep him; and that he had become a great charge and she was not able to attend to him. (Sixth assignment of error.)

Israel Miller, a witness for plaintiff, having stated that he had a conversation with Mrs. McGrew in West Newton, after the separation and while Mr. McGrew was out on his farm, was asked:

*Q.* State what that conversation was.

Objected to by defendants' counsel as incompetent and irrelevant. Objection overruled. (Seventh assignment of error.)

*A.* She said: "I have sent him out home. I have kept him about ten years and I have got tired of it, and I sent him out home that they could keep him."

The court charged the jury, *inter alia,* as follows:

Now, was there a desertion? Upon that I do not think the testimony is quite as strong as upon the other two matters. It seems he went away. Some of the witnesses say the wife did not want him to go. Of course the wife's duty was to nurse him. It is said she was willing for him to go away. Witnesses who were present at the time say she did not want him to go;

that she went to see him and never did want him to go. On the other hand, her declarations made at different times would seem to indicate that she could not take care of him, and let him go. If you find for the defendants on the ground of desertion, you must find that it was wilful and intentional, and not by the wife's agreement, not a voluntary separation. It is contended on the part of the plaintiff that it was voluntary; that she let him go, wanted him to go, and agreed to the separation. On the other hand, it is contended she did not do anything of the kind, and tried to get him back. You will say how that was. If it was voluntary, this defense would not be sufficient, and the plaintiff would be entitled to recover. (Eighth assignment of error.)

The defendant presented, *inter alia,* the following point:

1. Under all the evidence the plaintiff is not entitled to a verdict.

*Ans.* Refused. (First assignment of error.)

Verdict and judgment for plaintiff, for $225. The other assignment of error specified the action of the court in entering judgment on the verdict.

*James M. Nevin, W. D. Moore,* and *F. C. McGirr,* for plaintiffs in error.—An administrator cannot maintain an action of ejectment. When a plaintiff in ejectment dies, his heir is the proper party to continue the proceedings. Sedgw. & W. Trial of Title to Land, § 270, and cases cited.

After the plaintiff's death in this case, and before the substitution of the administrator, plaintiff's counsel served a notice on defendants' counsel, to wit, on November 20, 1886, that plaintiff would claim mesne profits in said action of ejectment, up to time of death of plaintiff, James McGrew. On the trial of this case it seemed that, because of this notice, the action was treated by plaintiff's counsel as an action for mesne profits. But said notice was of no validity, and certainly could not change the form of the action.

An executor cannot maintain an action for mesne profits. Rents and profits are incident to the ownership of the land, and the remedy for mesne profits belongs exclusively to the person having title to the land. Brown v. McCloud, 3 Head, 280; Means v. Presbyterian Church, 3 Pa. St. 93.

This was an action of ejectment to recover a life estate. Pending the action plaintiff died. When a plaintiff in ejectment, as tenant by the curtesy, dies before trial, the action of ejectment dies, as no one else could have the right to possession. The action of ejectment is founded on a present right to the possession. If the plaintiff had title when the suit was brought, and had not when the suit is tried, he cannot recover the land. Heffner v. Betz, 32 Pa. 376; Caldwell v. Walters, 22 Pa. 378; Sedgw. & W. Trial of Title to Land, § 648–9 and cases cited.

We think the declarations of Mrs. McGrew as to the cause of separation, made long after same, and not in the presence of her husband, were altogether incompetent. Prior to the act of 1869 both interest and policy excluded husband and wife from testifying for and against each other; and when the action is by or against an administrator or executor, the act of 1869 does not apply. Taylor v. Kelly, 80 Pa. 95. See also Peck v. Ward, 18 Pa. 506, and Jones v. McKee, 3 Pa. St. 496, 45 Am. Dec. 661.

*Geo. H. Quaill* and *T. F. Newlin,* for defendant in error.— It is a very old practice in Pennsylvania for the plaintiff in ejectment to prove and recover his damages in the same action, upon his giving notice to the defendant of his intention so to do. Boyd v. Cowan, 4 Dall. 138, 1 L. ed. 774; Osbourn v. Osbourn, 11 Serg. & R. 56; Cook v. Nicholas, 2 Watts & S. 27; Bayard v. Inglis, 5 Watts & S. 465.

As this case stood at the date of trial, it was an action by an administrator. Under the proviso to the act of 1879 the common-law disqualification of a party in a civil proceeding to testify applied to the witness proposed, Mrs. Angelina Hart. Act of April 15, 1869, § 1, Purdon's Digest, p. 727.

A woman's declarations at or about the time she is leaving her husband, that she is going to desert him, or is going away never to return again, or that she will never again live with him, are admissible in a divorce proceeding on behalf of that husband for desertion as explaining the intention of the wife at the time. So the declarations of Mrs. McGrew, at or about the time she sent old Mr. McGrew out to his son John's to be provided for and taken care of, show that there was no intention on the part of Mr. McGrew to desert or abandon his wife against her will, but that the separation was voluntary and was consented to and

actually procured by Mrs. McGrew, because it was obviously to her advantage and comfort to have it so.    Matchin v. Matchin, 6 Pa. 332, 47 Am. Dec. 466.

The admissions or declarations of Mrs. McGrew were competent evidence in this case against her devisee, because of the privity between them.

The temporary inability of the husband to support his wife, by reason of sickness, does not bring her within the protection of the act of May 4, 1855—there must be something that involves the wilful nonperformance of a duty on his part.    The mere change of residence by the husband does not constitute desertion. It must be absence against the will of the other party, and with wilful intent to desert.    Separation is not desertion.    Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in without cause.    The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other. King v. Thompson, 87 Pa. 365, 30 Am. Rep. 364; Bell v. Bell, 11 W. N. C. 156; Ralston's Appeal, 93 Pa. 133; Ingersoll v. Ingersoll, 49 Pa. 249, 88 Am. Dec. 500; Little's Estate, 7 Phila. 495.

The action for mesne profits survives to the heir of the plaintiff in ejectment for a freehold of inheritance and why the action would not survive to the legal representative of the plaintiff in an action for a life estate with notice of a claim for mesne profits, is not very apparent.    The true rule is that plaintiff in ejectment shall recover, according to his title when suit was brought; but if pending the suit his title is devested, he may proceed for damages and costs.    Tyler, Ejectment, p. 577 and cases cited; Murray v. Garretson, 4 Serg. & R. 130; Neel v. Deens, 1 Nott & M'C. 210; Jackson *ex dem.* Henderson v. Davenport, 18 Johns. 295; Dodge v. Page, 49 Vt. 137; Woodhull v. Rosenthal, 61 N. Y. 385; Rugan v. Philips, 4 Yeates, 382; Freedly v. Mitchell, 2 Pa. St. 100; Carman v. Beam, 88 Pa. 319.

When the title of the plaintiff in ejectment, being a life estate, ends before the trial of the cause, although he cannot turn the defendant out of possession, he is nevertheless entitled to judgment so as to enable him to recover the mesne profits, but with a perpetual stay of the writ of possession.    Jackson *ex dem.* Henderson v. Davenport, 18 Johns. 295; Dodge v. Page, 49 Vt.

137; Woodhull v. Rosenthal, 61 N. Y. 385; Means v. Presbyterian Church, 3 Pa. St. 93; Murray v. Garretson, 4 Serg. & R. 130; Rugan v. Philips, 4 Yeates, 382; Freedly v. Mitchell, 2 Pa. St. 100; Carman v. Beam, 88 Pa. 319.

PER CURIAM:

As the court below well said, this case is a very simple one. If James McGrew wilfully and intentionally deserted his wife, he was certainly not entitled to curtesy in her estate. If, on the other hand, the separation was rendered necessary by the circumstances of the parties, and for their mutual comfort they agreed to live apart, then of course he did not forfeit his right in her estate. The question thus stated was, with proper instructions, submitted to the jury, and they determined it in favor of the plaintiff. Her declarations were rightly admitted for the purpose of disproving the alleged wilful and malicious character of the separation on his part. The exceptions to the admission in evidence of the abstract of title, and notice of the plaintiff's claim for mesne profits, cannot be sustained. That the testimony of Mrs. Angelina Hart, one of the defendants, was properly excluded, is a proposition too plain for discussion.

Judgment affirmed.